UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| VICTOR M. LYNN, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos. | 3:14-CR-2-RLJ-CCS-3 |
| | ) | | 3:15-CV-423-RLJ |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM AND ORDER**

Before the Court are two substantively identical requests to amend Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, to include a request for collateral relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015) [Docs. 1002, 1014]. Also before the Court is Petitioner's request for an extension of time to file a reply to the United States' response in opposition [Doc. 1000]. For the following reasons, this Court's previous Order addressing these same three motions [Doc. 1015] is **VACATED** on the basis of clerical error, Petitioner's motion for an extension of time [Doc. 1000] is **GRANTED nunc pro tunc**, and Petitioner's requests to amend his original petition [Docs. 1003, 1014] are **DENIED**.

**I.     BACKGROUND**

In 2014, Petitioner pled guilty to conspiring to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A) [Docs. 398, 460, 953]. In promulgating Petitioner's Presentence Investigation Report ("PSR"), the United States Probation Office determined the relevant guideline range to be 360 months to life, restricted statutory minimum term of life imprisonment [PSR ¶ 74–84, 109, 110]. On April 2, 2015, the Court sentenced Petitioner to 262 months' imprisonment followed by ten years' supervised

release [Doc. 953]. No appeal was taken and, as a result, Petitioner's conviction became final for purposes of § 2255(f)(1) on April 16, 2015, at the expiration of time to appeal. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining an unappealed judgment of conviction becomes final when the time for filing a direct appeal has elapsed); Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . judgment.").

On September 18, 2015, Petitioner filed a pro se collateral challenge seeking vacatur of his sentence and conviction based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and ineffective assistance [Doc. 975]. On June 26, 2016, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. Citing that decision, Petitioner seeks to amend his petition to include a third challenge [Doc. 1014 (suggesting the *Johnson* decision somehow undermines his sentence)].

## II.  REQUEST FOR AN EXTENTION OF TIME TO REPLY

On February 11, 2016, Petitioner requested an extension of time to reply to the United States' response in opposition to *Johnson*-based collateral relief [Doc. 1000]. Before this Court could rule on that motion, however, Petitioner submitted a joint "reply to response and motion to amend" [Doc. 1014]. In light of this development, Petitioner's request for an extension will be **GRANTED nunc pro tunc** and the contents of joint reply and motion amend will be considered so far as they traverse arguments made by the United States' in its response.

## III.  REQUESTS FOR LEAVE TO AMEND

While it is true that Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should "be freely given when justice so requires," Fed. R. Civ. P. 15(a), relevant factors include "undue delay in filing, lack of notice to the opposing party, bad faith by the

2

moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Anderson v. Young Touchstone Co.*, 735 F. Supp. 2d 831, 833 (W.D. Tenn. 2010) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1965)).

Petitioner's argument that he no longer possesses predicate offenses sufficient to support his categorization as an armed career criminal under § 924(e), career-offender under Section 4B1.1 of the United States Sentencing Guidelines, or an enhanced base offense level under Section 2K2.1 of the same fails because his PSR demonstrates that he was never subjected to enhancement under any of those provisions [PSR ¶¶ 74–84, 109, 110].[1] As such, the *Johnson* decision has no effect on the validity of his sentence. Accordingly, Petitioner's requests for leave to amend his previously-filed petition to include such a claim are **DENIED** for futility.

## IV. PREVIOUS ORDER OF THIS COURT

It has come to the attention of this Court that its May 27, 2016 Order contains a typographical error. Specifically, the Order directs the Clerk's office to terminate "Doc. 1004"

---

[1] The ACCA mandates a 15-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender," i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

as a duplicate of "Doc. 1003" [Doc. 1015 p. 2], but review of CM/ECF makes clear that the reference to "Doc. 1004" should read "Doc. 1014" [E.D. Tenn. Case No. 3:14-cr-2-RLJ-CCS-3]. In light of this inadvertent error, the Order is **VACATED** and the Clerk's Office is **DIRECTED** to strike the filing from CM/ECF and enter the instant, substantively identical Order, in its place.

**V.    CONCLUSION**

For the reasons discussed, this Court's previous Order [Doc. 1015] is **VACATED** for clerical error, Petitioner's motion for an extension of time [Doc. 1000] is **GRANTED nunc pro tunc**, and Petitioner's requests to amend his original petition [Docs. 1003, 1014] are **DENIED**

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge