UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VICTOR M. LYNN, | ) | |
| Petitioner | ) ) ) | |
| v. | ) ) ) | No. 3:14-CR-002 (3:15-CV-423) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent | ) | |

## **O R D E R**

Victor M. Lynn ("petitioner") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, doc. 975. In that motion, he claims that he instructed his attorney to file an appeal regarding the enhancements to his base offense level and thus his guideline range.

"The failure to perfect a direct appeal, in derogation of a defendant's actual request, is a per se violation of the Sixth Amendment." *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998). Petitioner claims he requested his attorney to file an appeal, whereas his attorney filed an affidavit appended to the government's response to his §2255 motion that he did not. An evidentiary hearing is mandatory when there is a factual dispute in a § 2255 proceeding, *Valentine v. United States*, 488 F.3d 325 (6th. Cir. 2006). Therefore, the single issue of whether petitioner instructed his attorney to file an appeal regarding the enhancements to his offense level is referred to Magistrate Judge Dennis H. Inman to conduct an evidentiary hearing and then to file his Report and Recommendation. Magistrate Judge Inman may file such orders as he deems necessary to promptly schedule and hold the hearing.

**IT IS SO ORDERED.**

ENTER:


<u>            s/ Leon Jordan            </u>
United States District Judge