UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

VICTOR M.LYNN
    Petitioner

v.                                       No. 3:14-CR-02-3 ( 3:15-CV-423)

UNITED STATES OF AMERICA
    Respondent

## REPORT AND RECOMMENDATION

Victor M. Lynn ("petitioner") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, doc. 975. Ground Two in his motion claims that he instructed his attorney to file an appeal regarding the enhancements to his base offense level and thus his guideline range, and she refused to do so. The district judge referred that claim to the undersigned magistrate judge to conduct an evidentiary hearing and thereafter to file a Report and Recommendation. That hearing was held on June 21, 2018.

Petitioner was represented by Mr. Eric Reach, a member of the Criminal Justice Act Panel of the United States District Court for the Eastern District of Tennessee. The United States was represented by AUSA Caryn Hebets. The only witnesses were the petitioner and his trial attorney, Ms. Ursula Bailey.

Petitioner's testimony quite frankly was a surprise, differing starkly from the assertion in his motion. What follows is a fair synopsis: When he and attorney Bailey parted ways after his sentencing hearing on March 31, 2015, he had given no thought to an appeal. He decided that he wanted to appeal only after he arrived back at the Knox County Detention Center. The next day he attempted to telephone Ms. Bailey, but was unable to reach her.

On Thursday April 2 he was moved to Ocilla, Georgia where he had no access to a telephone or other means by which to contact attorney Bailey.

On April 6 he was moved from Ocilla to the Bureau of Prisons classification facility in Atlanta ("Lovejoy"), where again he had no access to a phone or writing materials.

On April 15, 2015, he was moved to Butner, North Carolina where he remains to this day. From there, after the time for filing a Notice of Appeal had expired, he wrote two letters to attorney Bailey, each requesting copies of documents for his use in filing a § 2255 motion. In neither letter did he request Ms. Bailey to file an appeal.

Petitioner admitted during cross-examination that other than his unsuccessful attempt to phone Ms. Bailey on March 31, 2015, and his letters requesting copies of documents for his use in filing a § 2255 motion, he never contacted Ms. Bailey. He further admitted that he never asked her to file an appeal; that he never asked a family member to ask Ms. Bailey to file an appeal; and he never asked the clerk of this court to do so on his behalf. Thus, according to petitioner's own testimony, Ms. Bailey had no idea that petitioner wanted to appeal his sentence. It follows that she certainly did not "refuse" to file an appeal.

Attorney Bailey testified that petitioner never asked her to file an appeal and, if he phoned her office as he testified, he left no voice mail message. She also testified that she has filed several appeals for clients notwithstanding that those clients had waived their right to direct appeal in their plea agreements.

The burden is upon petitioner to prove by a preponderance of the evidence that he asked attorney Bailey to file an appeal and that she refused to do so, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir.2006) . He has failed to carry that burden. Indeed, the proof is essentially undisputed that he never asked Ms. Bailey to file an appeal. Therefore, it is RECOMMENDED that Ground Two in petitioner's motion be denied as unsupported by any proof.

s/ Dennis H. Inman
Magistrate Judge

**NOTE:** Any objections to this report and Recommendation must be filed within fourteen days of the date it is filed, 28 U.S.C. 636 (b)(1)(C), and Rule 8(b) of Rules Governing Section 2255 Proceedings. Failure to file objections within the allotted fourteen days will constitute a waiver of any objections.