UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VICTOR M. LYNN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:14-CR-002 |
| | ) | 3:15-CV-423 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

The Court referred this matter to United States Magistrate Judge Dennis H. Inman for an evidentiary hearing on, and consideration of, the following issue: whether Petitioner was entitled to relief based on the claim in his 28 U.S.C. § 2255 motion that his sentencing counsel refused to perfect an appeal after Petitioner specifically instructed her to do so. On June 21, 2018, Magistrate Judge Inman issued a Report and Recommendation in which he recommended that the Court deny the § 2255 motion as to the issue of appeal, finding that Petitioner did not instruct his counsel to appeal the judgment in this case. [Doc. 1069].

Petitioner objects [doc. 1071] to the Report and Recommendation. A transcript of Judge Inman's June 21, 2018 evidentiary hearing has been filed [doc. 1072] and has been carefully reviewed by the Court. For the reasons that follow, the Court will adopt the Report and Recommendation in full. Petitioner's claim that his sentencing attorney provided ineffective assistance of counsel by refusing to file an appeal will be dismissed.

I.

*Background*

By judgment entered April 2, 2015, this Court sentenced Petitioner to a term of 262 month's imprisonment for conspiring to distribute fifty grams or more of methamphetamine. Petitioner's advisory guideline range was 360 months to life, based on a total offense level of 40 and a criminal history category of IV. [Doc. 930]. Petitioner's offense level was enhanced: by two levels for possessing a dangerous weapon; by two levels for maintaining a premises for the purpose of manufacturing or distributing a controlled substance; and by three levels for acting in a managerial or supervisory role in the conspiracy. [Doc. 931].

However, the advisory guideline range was not controlling in this case because Petitioner was subject to a statutorily mandated sentence of life. Petitioner ultimately received a sentence below that statutory minimum solely due to the United States' motion for downward departure pursuant to 18 U.S.C. § 3553(e). His advisory guideline range— including the offense level enhancements noted above—therefore did not impact his sentence.

In September 2015, Petitioner filed a motion to motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255.[1] Petitioner's motion states only two grounds for relief. This memorandum, like Judge Inman's Report and Recommendation, addresses the second of those grounds. There, Petitioner states in full, "*I instructed my attorney to Appeal*

---

[1] Petitioner filed his motion *pro se*. He was, however, represented by appointed counsel at the June 21 evidentiary hearing, and his objection to the Report and Recommendation is filed by counsel.

the illegal increase of enhancements. *She refused*, thereby depriving me of my Constitutional right to contest the illegal sentence." [Doc. 975] (emphasis added).

At the evidentiary hearing, Judge Inman heard testimony from Petitioner and from the sentencing attorney, Ursula Bailey. Petitioner's testimony, as aptly noted in the Report and Recommendation, "quite frankly was a surprise, differing starkly from the assertion in his motion."

Petitioner directly testified that he never actually instructed Ms. Bailey to appeal. [Doc. 1072, p. 12-13]. Petitioner testified that it was not until the evening of his sentencing date (*i.e.*, after he had been sentenced) that he decided that he wanted to appeal. *Id.* p. 4, 10. Petitioner testified that he called Ms. Bailey's law office the following day but no one answered the phone. *Id.* p. 5-6. Petitioner testified that he wrote Ms. Bailey a letter sometime later to "ask[] her to send me my, the stuff I would need to file a 2255" but did not ask her to file an appeal because "[r]eally I didn't know that she was still my lawyer or nothing like that . . . ." *Id.* p. 10-11.

Attorney Bailey testified that, at the sentencing hearing, Petitioner did not instruct her to file an appeal. *Id.* p. 14. Ms. Bailey further testified that she never received any subsequent communication, either written or telephonic, telling her to appeal. *Id.* p. 14-15. Ms. Bailey testified that her office has a voicemail system, and no voicemail was received from Petitioner. *Id.* p. 15-16.

In light of this testimony, Judge Inman's Report and Recommendation concludes,

> The burden is upon petitioner to prove by a preponderance of the evidence that he asked attorney Bailey to file an appeal and that she refused to do so, *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). He has failed to carry that burden. Indeed, the proof is essentially undisputed that he never asked Ms. Bailey to file an appeal. Therefore, it is RECOMMENDED that Ground Two in petitioner's motion be denied as unsupported by any proof.

[Doc. 1069, p.2].

II.

*Authority*

District courts are both statutorily and constitutionally required to conduct a *de novo* review of a magistrate judge's report and recommendation. *See United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985). However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). District courts need not provide *de novo* review where objections to a report and recommendation are frivolous, conclusive, or general. *See Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).

A petitioner alleging ineffective assistance must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Courts must presume that counsel's assistance was effective, and petitioners bear the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003).

Second, a petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Yet, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Strickland*, 466 U.S. at 697.

III.

*Analysis*

Petitioner has filed an objection to the Report and Recommendation. Notably though, he does not object to anything that is in the Report and Recommendation, nor should he.

Again, the relevant ground for relief presented in Petitioner's motion is, "I instructed my attorney to Appeal the illegal increase of enhancements. She refused, thereby depriving me of my Constitutional right to contest the illegal sentence." Conversely, at his evidentiary hearing, Petitioner testified to the very opposite. Petitioner's motion is signed beneath a declaration that its contents are "true and correct." [Doc. 975, p. 13]. Similarly, Petitioner swore to tell the truth at his evidentiary hearing. [Doc. 1072, p. 3]. His statements are, however, wildly irreconcilable. Petitioner simply cannot be, and is not, believed. He has failed to prove the claim presented to the Court ("I instructed my attorney to Appeal the illegal increase of enhancements. She refused . . . .").

Undeterred by this evidentiary failure, Petitioner now "objects" that "[t]he magistrate's report does not address the question of whether Mr. Lynn's inability to consult with his attorney after sentencing in regards to an appeal results in ineffective assistance of counsel." [Doc. 1071, p. 2]. That is not an objection. It is instead a frivolous attempt to raise an entirely new ground for relief. Petitioner's motion does not assert a "failure to consult" claim. He has not sought—let alone been granted—permission to amend his motion to raise this addition ground. His objection to the Report and Recommendation will therefore be overruled.

The Court will nonetheless briefly address the merits of Petitioner's purported objection. It is true that the Supreme Court has recognized "that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Petitioner has not presented evidence sufficient to meet his burden of proof on either of these prongs, nor has he met his burden of showing prejudice as required by *Strickland*.

First, as discussed, Petitioner's testimony makes clear that he did not "demonstrate to counsel that he was interested in appealing." Next, Petitioner has not shown that Ms. Bailey would have had reason to think that a rational defendant would want to appeal the sentence imposed in this case on nonfrivolous grounds. There is a single theme to Petitioner's § 2255 motion—that the enhancements to his guideline offense level were

"illegal" and should have been appealed.

As explained above, the enhancements to Petitioner's offense level were not what determined his sentence. Instead, he was subject to a lifetime term of imprisonment <u>that was mandated by statute rather than by guidelines</u>. Further, the plea agreement signed by Petitioner contained a waiver of his right to appeal a sentence falling within or below the guideline range determined by the Court. [Doc. 398, p. 13]. Although Petitioner testified at his evidentiary hearing that he was unaware of this provision (and that "no one . . . talked to [him] about that"), Ms. Bailey testified that she discussed the waiver with Petitioner on at least one occasion. [Doc. 1072, p. 12, 14]. The attorney's testimony on this point is credited, and Petitioner's is not, especially because the Court itself confirmed Petitioner's understanding of his appellate waiver at the change of plea hearing. *See Roe*, 528 U.S. at 479-80 ("[I]t would be difficult to say" that counsel's failure to consult was "professionally unreasonable" where "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult."). Therefore, on the facts of this case (Petitioner's waiver of his guideline appellate rights *and* the immateriality of the guidelines to the sentence imposed), Petitioner has not shown by a preponderance of the evidence that Ms. Bailey would have had reason to think "that a rational defendant would want to appeal."

Lastly, Petitioner has also failed to meet his burden of demonstrating prejudice which, again, is "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. Petitioner knowingly waived the very appellate right that he now wishes to assert *and* the

7

issue he wants to appeal had nothing to do with his sentence. Petitioner has not shown that counsel's purported error had any effect on the judgment in this case. *Id.* at 691.

IV.

*Conclusion*

After a thorough review of the Report and Recommendation [doc. 1069], the hearing transcript, and the parties' filings, the Court **ACCEPTS** and **ADOPTS** the Report and Recommendation [doc. 1069] in its entirety. Petitioner's objection [doc. 1071] to the Report and Recommendation is **OVERRRULED**. To the extent that Petitioner's 28 U.S.C. § 2255 motion claims that his sentencing attorney refused to perfect an appeal after Petitioner instructed her to do so, the motion [doc. 975] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge