UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| VICTOR M. LYNN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 3:14-CR-002 |
| | ) | 3:15-CV-423 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Victor M. Lynn ("Petitioner") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on a substantive challenge to his sentence and an allegation of ineffective assistance of counsel. [Doc. 975]. The latter of these claims was referred to United States Magistrate Judge Dennis H. Inman for an evidentiary hearing and preparation of a Report and Recommendation. [Doc. 1069]. The Court has adopted Judge Inman's Report and Recommendation in full by separate memorandum and order entered this date, thereby denying Petitioner's claim pertaining to ineffective assistance of counsel. The Court will now address Petitioner's remaining claim for relief, identified as ground one.

I.

*Background*

On May 11, 2014, petitioner signed a plea agreement[1] in which he pleaded guilty to conspiring to distribute 50 or more grams of methamphetamine.

At sentencing, Petitioner's base offense level under the United States Sentencing Guidelines was 38.[2] Because he possessed a firearm in the course of the conspiracy, his offense level was increased by two.[3] It was increased another two levels because he maintained a premises for manufacturing or distributing controlled substances.[4] Another three levels were added for being a manager or supervisor in the conspiracy.[5] Three levels were deducted for acceptance of responsibility.[6] Thus, Petitioner's total offense level, after all adjustments, was 42.[7]

Based on the total offense level of 42 and a criminal history category of IV, petitioner's guideline range was 360 months to life. However, due to the enhanced penalty provision set forth in 21 U.S.C. § 841(b)(1)(A), his mandatory minimum sentence was life.[8]

The Probation Office subsequently utilized the 2014 version of the Sentencing Guidelines Manual which resulted in a recalculation of Petitioner's total offense level to

---

[1] Doc. 398.
[2] Presentence report, doc. 931, ¶ 74.
[3] *Id.*, ¶ 75.
[4] *Id.*, ¶ 76.
[5] *Id.*, ¶ 78.
[6] *Id.*, ¶ 82, 83.
[7] *Id.*, ¶ 84.
[8] *Id.* ¶ 109.

2

40, but his guideline range remained 360 months to life.[9]  The overarching factor, of course, was the mandatory life sentence under 21 U.S.C. § 841.

Petitioner was aware that he confronted a mandatory life sentence since the government filed an information pursuant to 21 U.S.C. § 851 in which it advised him that it would seek enhanced punishment on account of the two prior convictions listed therein.[10]  The plea agreement also recited that because of those prior felony drug convictions Petitioner confronted a mandatory minimum life sentence.

The mandatory life sentence notwithstanding, the government moved for a downward departure for Petitioner's substantial assistance in the investigation or prosecution of other persons, recommending a reduction in his offense level to 36 which, with a criminal history category of IV, established a guideline range of 262 to 327 months.[11]  On March 31, 2015, the Court sentenced Petitioner to the bottom of that guideline range, 262 months.[12]

By his remaining claim for relief, Petitioner argues that his sentence was based on facts which were not alleged in the indictment and to which he did not plead guilty: possession of a weapon during the course of the conspiracy; maintaining a premises for the manufacture or distribution of controlled substances; and having a managerial or supervisory role in the conspiracy.

---

[9] Doc. 930.
[10] Doc. 138, 398.
[11] Doc. 880.
[12] Doc. 953.

3

II.

*Standard of Review*

This Court must vacate and set aside a petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . .." 28 U.S.C. § 2255(b). Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Id.* (citations omitted). A motion that merely states general conclusions of law without factual allegations lacks legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959).

To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994); *see also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255

motion). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 350, 354 (1994). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

III.

*Analysis*

In claiming that he was unlawfully sentenced based on the above-noted offense level enhancements, Petitioner misstates or misapprehends the impact of those guideline provisions. Petitioner faced a mandatory minimum sentence of life *by virtue of his two prior convictions and 21 U.S.C. § 841*—not because of his guideline range. Stated another way, the guideline range calculation essentially was an academic exercise in this case because it was supplanted by the statutory minimum. The increases to Petitioner's base offense level in no way affected his statutorily mandated life sentence.

Nor did the contested guideline enhancements have any effect upon the ultimate sentence resulting from the government's motion for downward departure. Based on Petitioner's substantial assistance, the government recommended that the Court depart from the statutory minimum sentence of life by: (1) using a guideline range calculated by assuming a life sentence equates with a 360-month sentence, generated in this case by a total offense level of 39 and a criminal history category of IV; and then (2) deducting three offense levels to account for Petitioner's assistance, yielding an offense level of 36.

5

The United States' motion concluded by recommending a sentence at the bottom of the resulting guideline range—262 to 327 months—and the Court imposed that very sentence.

As can readily be seen, the challenged offense level enhancements did not affect the government's motion for a downward departure or the ultimate sentence imposed. As the Court stated in a prior order, the required starting point for a downward departure from a mandatory minimum sentence is the minimum sentence itself—in this case, life.[13] The lenient "starting point" suggested by the government in its motion was a total offense level of 39 which in turn was based solely upon an assumption that a statutorily mandated life sentence equaled 360 months.

Petitioner therefore was not "sentenced based on facts that were not contained in the Indictment and to which [he] did not plead guilty" (*i.e.*, his challenged offense level enhancements). Ground one of his motion will accordingly be denied.

IV.

*Conclusion*

Petitioner's sentence was not imposed in violation of the Constitution or laws of the United States. His motion [doc. 975] will be denied. A judgment in accordance with this memorandum and order will be filed.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

---

[13] Doc. 929.

Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F. 3d 466 (6th Cir. 2001). District courts must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standard set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*. Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

After reviewing both of Petitioner's claims, the Court finds that reasonable jurists could not conclude that Petitioner's claims are adequate to deserve further review. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge